

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36327-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TONY L. BOYER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Tony Boyer's appeal challenges the imposition of three legal financial obligations (LFOs). The State concedes the issue. We remand with direction to strike the noted LFOs.

PROCEDURAL HISTORY

Mr. Boyer entered guilty pleas on July 25, 2018, to one count of felony violation of a no contact order and one count of witness tampering and was sentenced the following month. The court imposed financial obligations called for in the plea agreement, including a $200 criminal filing fee, $385 in sheriff's service fees, and a $100 DNA collection fee.

On appeal to this court, Mr. Boyer argues that the noted LFOs were erroneously imposed. A panel considered his appeal without hearing argument.

ANALYSIS

In light of the State's concession, little need be stated here. After the crimes involved here were committed, but before the guilty pleas and sentencing, the legislature amended the statutes governing imposition of financial obligations on criminal defendants. In *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018), the Washington Supreme Court ruled that the amendments were retroactive and applied to all sentencings that were not final on the effective date of the new legislation, June 7, 2018. LAWS OF 2018, ch. 269.

Because the amendments were in effect at the time of sentencing and applied retroactively to unadjudicated offenses, they governed Mr. Boyer's case. The State agrees that a DNA collection fee previously had been assessed against Mr. Boyer. As a result of the 2018 amendments, the trial court erred in assessing a new DNA fee.

The filing and service fees are discretionary costs that cannot be imposed on indigent offenders. The State agrees that Mr. Boyer meets the indigency requirements established in RCW 10.101.010(3)(a)-(c). Accordingly, the trial court lacked authority to impose these two fees.

No. 36327-9-III
*State v. Boyer*

The case is remanded to the Asotin County Superior Court with directions to strike the three noted financial obligations.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Siddoway, J.

3